Filed 6/1/26  P. v. Morales CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E087099 |
| v. | (Super.Ct.No. FSB059401) |
| FRANCISCO MORALES, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Steve Malone, Judge.  Dismissed.

Francisco Morales, in pro. per.; and Arpita Kundu, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

1

Defendant and appellant Francisco Morales submitted a request for recall of sentence and resentencing pursuant to Assembly Bill No. 600 (2023-2024 Reg. Sess.) and Penal Code section 1172.1,[1] which the court denied.

On appeal, counsel has filed a brief under the authority of *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*). We offered defendant the opportunity to file a personal supplemental brief, which he has done.[2] Defendant recharacterizes his section 1172.1 request as a motion requesting disclosure of evidence on the basis that his conviction was racially discriminatory under section 745.[3] We dismiss the appeal.

## I. PROCEDURAL BACKGROUND

On February 23, 2009, a jury found defendant guilty of two counts of aggravated sexual assault of a child by rape (§§ 269, subd. (a)(1) & 261, subd. (a)(2), counts 1 & 4); one count of lewd act on a child (§ 288, subd. (a), count 2); 11 counts of forcible lewd acts on a child (§ 288, subd. (b)(1), counts 3, 5-14); five counts of attempted lewd acts on a child (§§ 288, subd. (a) & 664, counts 16-20), and one count of making a criminal threat (§ 422, count 21). The court sentenced defendant to imprisonment for a total determinate term of 101 years eight months and an indeterminate term of 30 years to life. (*People v. Morales* (Jun. 22, 2010, E048276) [nonpub. opn.] (*Morales*).)

---

[1] All further statutory references are to the Penal Code.

[2] "If the defendant . . . files a supplemental brief or letter, the Court of Appeal is required to evaluate the specific arguments presented in that brief and to issue a written opinion." (*Delgadillo*, *supra*, 14 Cal.5th at p. 232.)

[3] In defendant's request below, he once referred to section 745.

On appeal, this court reversed two of the five counts of attempted lewd conduct on a child and remanded the matter for resentencing. In all other respects, this court affirmed the judgment.[4] (*Morales*, *supra*, E048276.)

On August 14, 2025, defendant filed a request for recall and resentencing pursuant to Assembly Bill No. 600 and section 1172.1. The court denied the request by minute order, noting, "The Defendant is not authorized to seek relief and resentencing on his own motion."

## II. DISCUSSION

Defendant recharacterizes his section 1172.1 request as a motion requesting disclosure of evidence on the basis that his conviction was racially discriminatory under section 745. We dismiss the appeal.

"Assembly Bill [No.] 600 amended the resentencing procedure established by section 1172.1, which pertains to a resentencing commenced upon the court's own motion or recommendation by a party such as a correctional authority or district attorney." (*People v. Dowdy* (2024) 107 Cal.App.5th 1, 10.)

"A defendant is not entitled to file a petition seeking relief from the court under this section. If a defendant requests consideration for relief under this section, the court is not required to respond." (§ 1172.1, subd. (c).)

Although section 1172.1 does not entitle defendants "to petition the court for relief, a defendant is not forbidden altogether from raising the issue with a court."

---

[4] The court later resentenced defendant to a determinate term of 99 years and eight months.

3

(*People v. Roy* (2025) 110 Cal.App.5th 991, 998, fn. omitted (*Roy*).)  A defendant-initiated petition "is best viewed as merely inviting the court to consider whether it wishes to exercise its discretion under section 1172.1." (*Id*. at p. 999.)

"If the trial court is not required to act in response to a defendant's request, then [a] defendant has no right to a decision as to whether the trial court will make its own motion to recall and resentence." (*Roy*, *supra*, 110 Cal.App.5th at p. 998.)  Thus, because a trial court has no obligation to act on a defendant's request, a defendant's substantial rights are not affected by an order denying his petition.  (*Ibid*.; accord, *People v. Brinson* (2025) 112 Cal.App.5th 1040, 1045; *People v. Hodge* (2024) 107 Cal.App.5th 985, 996 (*Hodge*); *People v. Faustinos* (2025) 109 Cal.App.5th 687, 697 (*Faustinos*), review den. June 11, 2025, S289909 ["there is no appellate jurisdiction over an order declining to act on a defendant's unauthorized section 1172.1 petition, even though a court may initiate a resentencing on its own motion"].)

Here, the appeal must be dismissed.  Defendant was not entitled to file a petition seeking relief under section 1172.1.  The court expressly noted, "Defendant is not authorized to seek relief and resentencing on his own motion."  Thus, the order denying defendant's request for resentencing does not affect his substantial rights and is not appealable.  (*Roy*, *supra*, 110 Cal.App.5th at p. 998; accord, *Hodge*, *supra*, 107 Cal.App.5th at p. 996; *Faustinos*, *supra*, 109 Cal.App.5th at p. 697.)

Moreover, defendant's bare mention of section 745 did not transmute his section 1172.1 request to a motion for discovery under section 745.  No mention of discovery

was made in the request.  Rather, defendant sought reduction of his sentence by dismissal of unspecified enhancements.  Thus, defendant's request was not a motion for discovery under section 745.

Therefore, the appeal must be dismissed.

### III.  DISPOSITION

The appeal is dismissed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS


McKINSTER
                                                              Acting P. J.


We concur:


FIELDS
                        J.


MENETREZ
                        J.


5